IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROOSSEVELT GOGUETTE and KATHLEEN T. GOGUETTE, | |
| Plaintiffs, | CIVIL ACTION FILE NO. |
| v. | 1:15-cv-3826-TWT-CMS |
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for Registered Holders of the First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-FF1, | |
| Defendant. | |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Dismiss the Complaint filed by Defendant U.S. Bank National Association, as Trustee for Registered Holders of the First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-FF1 ("Defendant") on May 18, 2016. (Doc. 5). Plaintiffs Roosevelt Goguette and Kathleen T. Goguette, who are proceeding in this civil action without counsel, have not filed a response in opposition to Defendant's Motion and the time to do so has long passed. Accordingly, Defendant's Motion to Dismiss is deemed unopposed. See L.R. 7.1(B), NDGa ("Failure to file a

response shall indicate that there is no opposition to the motion."). However, an unopposed motion does not mean that the moving party automatically prevails; rather, the Court is still to consider the merits of the motion. See Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir.1988) (in an unopposed motion for summary judgment, the district court must "indicate that the merits of the motion were addressed"); Simpson v. Countrywide Home Loans, Case No. 1:10-CV-0224-CAM-ECS, 2010 WL 3190693, at *3 (N.D.Ga. Apr. 26, 2010) (holding that "unopposed" under Northern District of Georgia Local Rule 7.1(B) does not mean the non-responsive party "abandoned" its claims in the motion to dismiss context). Therefore, I have considered the merits of Defendant's Motion to Dismiss and, for the reasons stated below, **RECOMMEND** that Defendant's Motion to Dismiss (Doc. 5) be **GRANTED**.

## I.   THE ALLEGATIONS IN THE COMPLAINT

Plaintiffs allege that Defendant began foreclosure proceedings on a property located at 899 Pathview Court, Dacula, Georgia, 30019 ("the Property") while Plaintiff Kathleen T. Goguette was under Chapter 13 Bankruptcy protection, citing to case number 15-52159 in the United States Bankruptcy Court for the Northern District of Georgia. (Doc. 1, Complaint ("Compl.") ¶¶ 1, 7). Plaintiffs allege generally that Defendant was aware of the bankruptcy proceeding and did not file a

motion to lift the automatic stay that was in place pursuant to 11 U.S.C. § 362. (Id. ¶¶ 9, 13, 14). Plaintiffs allege that Roossevelt Goguette "is on title of the subject property" but do not identify Kathleen T. Goguette's interest in the Property other than to characterize the Property as both "Plaintiffs' home." (Id. ¶¶ 1, 3).[1]

Plaintiffs assert that Defendant deliberately and knowingly violated the automatic stay and caused "Plaintiff to suffer stress and duress, mental anguish, sleeplessness and stress to such extent and thereby causing Plaintiff to be unable to proceed with sound options that was (sic) guaranteed by Federal Laws." (Compl. ¶ 19). Plaintiffs also assert that Defendant wrongfully foreclosed on the Property by failing to provide them with notices required by O.C.G.A. § 44-14-162, causing emotional distress. (Id. ¶¶ 12, 16-20).

## II.   DEFENDANT'S MOTION TO DISMISS (DOC. 5)

In its Motion to Dismiss, Defendant argues that the Complaint should be dismissed on the grounds that it is "shotgun" pleading, and that it fails to state a plausible claim for relief for a violation of the automatic stay in Kathleen T. Gougette's bankruptcy proceeding or intentional infliction of emotional distress. (Doc. 5).

---

[1] Neither party included any loan documents or other agreements between the parties with their filings. Thus, it is unclear what the relationship is between the parties and what each party's interest is in the Property.

A.	**Legal Standard**

Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though there is no required technical form, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement must give each defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007). In addition, each separate claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1199 (11th Cir. 2012). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (internal citation omitted); Resnick v. AvMed, Inc., 693 F.3d 1317, 1325 (11th Cir. 2012). Thus, a claim will survive a motion to dismiss only if the factual allegations in the complaint are "enough to raise a right to relief above the speculative level;" "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. All well-pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Ellis v. Cartoon Network, Inc., 803 F.3d 1251, 1255 (11th Cir. 2015). The court, however, need not accept as true a plaintiff's legal conclusions, including those couched as factual allegations. Iqbal, 556 U.S. at 678.

    The allegations contained in a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers, and are construed liberally. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). A pro se complaint, however, is still required to conform to procedural rules. McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993). In addition, the leniency afforded to pro se complaints does not give courts license to serve as de facto counsel or permit them to rewrite an otherwise deficient pleading. Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). To survive a motion to dismiss under Rule 12(b)(6), a complaint, whether filed with or without counsel,

must contain sufficient facts, if accepted as true, to state a claim for relief that is plausible on its face.  Saunders v. Duke, 766 F.3d 1262, 1266 (11th Cir. 2014); Jones v. Brown, No. 16-10159, 2016 WL 2848691, at *1 (11th Cir. May 16, 2016) (unpublished).

## B.      Discussion

Applying these standards, I recommend that Defendant's Motion to Dismiss be granted.  As discussed below, while the Complaint is not a shotgun pleading, as argued by Defendant, Plaintiffs' factual allegations are insufficient to state a plausible claim for the causes of action raised in the Complaint.

### 1.      "Shotgun" Pleadings

A complaint that fails to follow either Rule 8(a)(2) or Rule 10 may be classified as a shotgun pleading.  Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015).  "The typical shotgun pleading complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."  Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002); see Wagner v. First Horizon Pharmaceutical Corp., 464 F.3d 1273, 1279 (11th Cir. 2006) (a shotgun pleading is one "that incorporate[s] every antecedent

allegation by reference into each subsequent claim for relief"). Shotgun complaints also often name several defendants without specifying which claims are asserted against which defendants. See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). The Eleventh Circuit has repeatedly condemned shotgun pleadings. See Weiland, 792 F.3d at 1320-21; Davis v. Coca-Cola Bottling Co., 516 F.3d 955, n. 54 (11th Cir. 2008) (providing a long list of cases in which shotgun pleadings were rejected).

After reviewing the Complaint, I do not find it to be a shotgun pleading. Plaintiffs' Complaint contains numbered paragraphs in support of two counts, names a single defendant, and is seven pages in length. (Doc. 1). The flaw in the Complaint is not that it alleges an excess of immaterial facts but, as detailed below, that it contains too few factual allegations to state any claim for relief.

2.    Violation of 11 U.S.C. § 362 (Count 1)

In Count 1, Plaintiffs assert that Defendant, by initiating foreclosure proceedings on the Property, violated the automatic stay put into place in Kathleen T. Goguette's bankruptcy proceeding pursuant to 11 U.S.C. § 362. (Compl. ¶ 17).

The filing of a bankruptcy petition operates as an automatic stay applicable to creditors seeking to foreclose on a debtor's property. 11 U.S.C. § 362(a). The automatic stay serves a dual purpose: (1) relieving the debtor from added financial

pressure during the pendency of bankruptcy proceedings, and (2) protecting creditors by preventing the premature disbursement of the bankruptcy debtor's estate.  In re Williford, 294 F. App'x. 518, 521 (11th Cir. 2008) (unpublished) (citing Carver v. Carver, 954 F.2d 1573, 1576 (11th Cir.1992)).

> If the creditor disregards its obligation to stay its collection proceeding, the debtor has a remedy. "[An] individual injured by any willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." § 362(k)(1).

In re Parker, 634 F. App'x 770, 772-73 (11th Cir. 2015) (unpublished).

Here, Plaintiffs' vague and conclusory allegations are insufficient to state a claim for relief.  Plaintiffs fail to allege any facts showing that Kathleen T. Goguette had an interest in the Property.  The Complaint alleges that Roosevelt Gougette "is on title" of the Property, but contains no factual allegations regarding the interest, if any, that Kathleen T. Goguette – the debtor in the bankruptcy proceeding – held in the Property.  The Complaint also does not contain any factual allegations regarding Defendant's actions, when they occurred, or how or when Defendant became aware of the bankruptcy proceeding.  While Plaintiffs allege that Defendant was aware of the bankruptcy proceeding and did not file a motion to lift the stay, they fail to allege sufficient facts to show that, based on Kathleen T. Goguette's bankruptcy proceeding, Defendant had a duty to seek relief

from the automatic stay prior to initiating foreclosure proceedings. Thus, the Complaint fails to state a plausible claim for relief. See Iqbal, 556 U.S. at 678.[2]

According, I **RECOMMEND** that Defendant's Motion to Dismiss Plaintiffs' claim for a violation of 11 U.S.C. § 362 (Count 1) be **GRANTED**.

2.    Emotional Distress (Count 2)

Emotional distress damages fall within the broad term of "actual damages" recoverable under 11 U.S.C. § 362(k). Lodge v. Kondaur Capital Corp., 750 F.3d 1263, 1271 (11th Cir. 2014). To recover damages for emotional distress, a plaintiff must (1) suffer significant emotional distress, (2) clearly establish the significant emotional distress, and (3) demonstrate a causal connection between that significant emotional distress and the violation of the discharge injunction. In re

---

[2] Moreover, a review of the pleadings in Kathleen T. Goguette's bankruptcy proceeding does not help to clarify her claim against Defendant. In the form bankruptcy schedules, Kathleen T. Goguette identifies the Property and when asked to state the nature of her interest in the Property, she stated "Residence." (United States Bankruptcy Court for the Northern District of Georgia in Case number 15-5219-bem Bankruptcy Docket ("Bankr. Dkt.") 12 at 1). She identified only one creditor – Select Portfolio – who she stated held a secured claim for $175,000 for an "invested interest" (Bankr. Dkt. 12 at 6), and identifies only Select Portfolio as having a claim secured by the Property in her proposed Chapter 13 Plan (Bankr. Dkt. 13 at 5). In addition, the pleadings in Kathleen T. Goguette's bankruptcy proceeding show that Ms. Goguette failed to correct numerous deficiencies identified by the Bankruptcy Court (Bankr. Dkt. 2, 15, 27), and her lack of prosecution in the case and failure to appear was also noted (Bankr. Dkt. 31).

McLean, 794 F.3d 1313, 1325-26 (11th Cir. 2015) (citing Lodge, 750 F.3d at 1271).  As detailed above, Plaintiffs fail to state a plausible claim for relief under 11 U.S.C. § 362 and, therefore, are not entitled to any damages under that section.

To the extent that Plaintiffs seek to bring their claims for emotional distress under Georgia law, their claims also fail.  To recover under a claim for intentional infliction of emotional distress under Georgia law, a plaintiff must show that the defendant acted recklessly, that the conduct was extreme and outrageous, that the plaintiff suffered emotional distress as a result of the conduct, and that the emotional distress was severe.  Ghodrati v. Stearnes, 723 S.E.2d 721, 723 (Ga. Ct. App. 2012).  To qualify as sufficiently "extreme and outrageous" the conduct at issue "must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."  Kaiser v. Tara Ford, Inc., 546 S.E.2d 861, 868 (Ga. Ct. App. 2001) (internal citation and punctuation omitted).  The burden that a plaintiff must meet to prevail on a claim for intentional infliction of emotional distress "is a stringent one."  Steed v. Fed. Nat'l Morg. Corp., 689 S.E.2d 843, 851-52 (Ga. Ct. App. 2009).

In this case, Plaintiffs allege that by initiating foreclosure proceedings, allegedly in violation of the automatic stay, Defendant caused "Plaintiff to suffer

stress and duress, mental anguish, sleeplessness and stress to such extent and thereby causing Plaintiff to be unable to proceed with sound options that was (sic) guaranteed by Federal Laws." (Compl. ¶ 19). Such conclusory allegations fail to allege the kind of "extreme and outrageous" conduct that goes "beyond all possible bounds of decency" and would be "utterly intolerable in a civilized community." See Canziani v. Visiting Nurse Health Sys., Inc., 610 S.E.2d 660, 662 (Ga. Ct. App. 2005); Thompson-El v. Bank of Am., N.A., 759 S.E.2d 49, 53 (Ga. Ct. App. 2014) (allegations of a bank's foreclosure, allegedly without plaintiff's knowledge, and the bank's subsequent attempts to remove plaintiff from the property, insufficient to state a claim for intentional infliction of emotional distress); James v. Bank of Am., N.A., 772 S.E.2d 812, 816 (Ga. Ct. App. 2015) (failure to provide proper notice of the foreclosure is insufficient to state a claim for intentional infliction of emotional distress). Because the Complaint does not allege any action by Defendant that was "extreme and outrageous," I **RECOMMEND** that Defendant's Motion to Dismiss Plaintiffs' claims for intentional infliction of emotional distress (Count 2) be **GRANTED**.

## III. CONCLUSION

For the reasons discussed, I **RECOMMEND** that Defendant's Motion to Dismiss (Doc. 5) be **GRANTED**, in its entirety.

**SO REPORTED AND RECOMMENDED**, this 1st day of September, 2016.

_____
Catherine M. Salinas
United States Magistrate Judge