IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROOSSEVELT GOGUETTE and KATHLEEN T. GOGUETTE, | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | 1:15-CV-03826-TWT-CMS |
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for Registered Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Assets-Backed Certificates, Series 2007-FF1, | |
| Defendant. | |

## **FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on the Motion to Dismiss the Amended Complaint filed by Defendant U.S. Bank National Association, as Trustee for Registered Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Assets-Backed Certificates, Series 2007-FF1 ("Defendant"). [Doc. 31]. For the reasons discussed below, I **RECOMMEND** that Defendant's motion to dismiss be **GRANTED** in its entirety.

## I.     ALLEGATIONS IN THE AMENDED COMPLAINT[1]

Plaintiffs, who are proceeding without counsel in this matter, allege that Defendant began foreclosure proceedings on the property located at 899 Pathview Court, Dacula, Georgia, 30019 (the "Property") while Plaintiff Kathleen T. Goguette was under Chapter 13 Bankruptcy protection, citing to Case Number 15-52159-bem in the United States Bankruptcy Court for the Northern District of Georgia. [Doc. 29 at 1-3]. Plaintiff Kathleen T. Goguette initiated said bankruptcy proceeding on February 3, 2015, and it was closed on September 18, 2018. [United States Bankruptcy Court for the Northern District of Georgia in Case Number 15-52159-bem Bankruptcy Docket ("Bankr. Dkt.") 1, 36]. Plaintiffs allege that Defendant was notified of the bankruptcy filing, yet proceeded to schedule the Property for foreclosure sale on November 3, 2015; however, it is not clear whether a foreclosure sale was ever completed. [Doc. 29 at 6]. It is also not clear whether Plaintiff Kathleen T. Goguette has an interest in the Property.[2] But,

---

[1] This fact statement is taken from the facts alleged in Plaintiffs Roosevelt Goguette and Kathleen T. Goguette's Amended Complaint [Doc. 29], which I have accepted as true for purposes of resolving the pending motion to dismiss. See Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

[2] Neither party included loan documents or other agreements between the parties with their filings, and their relationships to each other are unclear.

for the purposes of the motion to dismiss only, Plaintiff Kathleen T. Goguette's interest in the Property is assumed.[3]

Although Plaintiffs allege only two counts in the Amended Complaint, arguably they raise four claims. [Doc. 29 at 6-7]. Construed liberally, the Amended Complaint alleges that: (1) Defendant did not give Plaintiffs sufficient notice of the scheduled foreclosure sale as required by O.C.G.A. § 44-14-62; (2) by initiating foreclosure proceedings on the Property, Defendant violated the automatic stay put into place by Plaintiff Kathleen T. Goguette's bankruptcy case pursuant to 11 U.S.C. § 362; (3) by knowingly and deliberately violating the automatic stay, Defendant intentionally caused Plaintiffs emotional distress; (4) Defendant deprived Plaintiffs of their guarantee of due process under the Fifth Amendment of the United States Constitution by scheduling a foreclosure sale of their home. [Id.].

---

[3] On November 9, 2017, the Eleventh Circuit vacated the district court's prior judgment of dismissal in this case and remanded the case with instructions for the district court to grant Plaintiffs leave to amend their original complaint. [Doc. 22]. The Eleventh Circuit noted that although Plaintiffs' original complaint failed to allege sufficient facts showing Plaintiff Kathleen T. Goguette's interest in the Property, it remained unclear whether she could allege such facts in a more carefully drafted complaint. Id.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although there is no required technical form, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement must give each defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In addition, each separate claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1199 (11th Cir. 2012). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation omitted); Resnick v. AvMed, Inc., 693 F.3d 1317, 1325 (11th Cir. 2012).  Thus, a claim will survive a motion to dismiss only if the factual allegations in the complaint are "enough to raise a right to relief above the speculative level[;]" "a formulaic recitation of the elements of a cause of action will not do[.]"  Twombly, 550 U.S. at 555.  All well-pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff.  See Ellis v. Cartoon Network, Inc., 803 F.3d 1251, 1255 (11th Cir. 2015).  Courts, however, need not accept as true a plaintiff's legal conclusions, including those couched as factual allegations.  See Iqbal, 556 U.S. at 678.

The allegations contained in a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers, and are construed liberally. See Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).  A pro se complaint, however, is still required to conform to procedural rules.  See McNeil v. United States, 508 U.S. 106, 113 (1993).  In addition, the leniency afforded to pro se complaints does not give courts license to serve as de facto counsel or permit them to rewrite an otherwise deficient pleading.  See Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).  To survive a motion to dismiss under Rule 12(b)(6), a complaint, whether filed with or without counsel, must contain sufficient facts, if accepted as true, to state a claim for relief that is plausible on its

face.  See Saunders v. Duke, 766 F.3d 1262, 1266 (11th Cir. 2014); Jones v. Brown, No. 16-10159, 2016 WL 2848691, at *1 (11th Cir. May 16, 2016) (unpublished).

### III.  DISCUSSION

Applying these standards, I recommend that Defendant's motion to dismiss be granted.  As discussed below, Plaintiffs' factual allegations are insufficient to state a plausible claim for any of the four claims raised in the Amended Complaint.

### A.  Wrongful Foreclosure Based on Failure to Provide the Required Notice of Foreclosure

Georgia Code Section 44-14-162.2 provides that "notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure."  O.C.G.A. § 44-14-162.2 (2010). Failure to comply with that code section can serve as the basis for wrongful foreclosure when insufficient notice of a foreclosure sale is given.  See Mbigi v. Wells Fargo Home Mortg., 336 Ga. App. 316, 318-19, 785 S.E.2d 8, 14 (2016). The elements of a wrongful foreclosure claim in Georgia are: (1) a legal duty owed to the plaintiff by the foreclosing party; (2) a breach of that duty; (3) a causal connection between the breach of that duty and the injury the plaintiff sustained; and (4) damages.  See Sparra v. Deutsche Bank Nat'l Tr. Co., 336 Ga. App. 418,

420 S.E.2d 78, 82 (2016). Moreover, as a matter of law, "a plaintiff cannot state a claim for wrongful foreclosure when no foreclosure sale has taken place." Id.

Plaintiffs' allegations in the Amended Complaint are insufficient to state a claim for relief. Based on the facts alleged, it appears that Plaintiffs became aware of a scheduled foreclosure proceeding set for November 3, 2015 at some point before that date, but they have not alleged that they received notice less than thirty days before that date. [Doc. 29 at 4, 7]. Nor have Plaintiffs otherwise specified how notice was improper. But more importantly, Plaintiffs have not alleged that a foreclosure sale actually occurred.[4]

Because Plaintiffs have not alleged facts showing either that Defendant foreclosed on the Property, or that Defendant did so after failing to notify them in accordance with O.C.G.A. § 44-14-162.2, Plaintiffs failed to state a plausible claim for wrongful foreclosure. See Humphrey v. JP Morgan Chase Bank, N.A., 337 Ga. App. 331, 333, 787 S.E.2d 303, 306 (2016) (dismissing wrongful foreclosure claim because plaintiff did not contend that a foreclosure occurred). Accordingly, I

---

[4] It seems clear that no such sale occurred on the date that Plaintiffs allege the foreclosure sale was scheduled. The Motion for Reconsideration and Objections to the Order for Service of Report and Recommendation, wherein Plaintiffs claim "Plaintiffs Roossevelt Goguette and Kathleen T. Goguette are on the title to the subject property," was filed on September 14, 2016—well after November 3, 2015, the alleged scheduled date of foreclosure sale. [Doc. 8].

**RECOMMEND** that Defendant's motion to dismiss Plaintiffs' claim for wrongful foreclosure be **GRANTED**.[5]

### B.     Violation of the Automatic Stay

Plaintiffs next complain that Defendant violated the automatic stay that was in place during Plaintiff Kathleen T. Goguette's bankruptcy proceeding. [Doc. 29 at 3]. The filing of a bankruptcy petition acts to automatically stay all efforts outside of the bankruptcy to enforce a lien against the debtor's property or to collect debts from the debtor who is under the protection of the bankruptcy court. See 11 U.S.C. § 362(a)(4), (6). Unless either the action falls under one of the exceptions stated in the statute or a party receives relief from the stay, "all proceedings against the debtor or the debtor's property are stayed during the pendency of the bankruptcy proceedings." Carver v. Carver, 954 F.2d 1573, 1576 (11th Cir. 1992).

---

[5]     To the extent Plaintiffs seek to raise a claim for attempted wrongful foreclosure, this claim also fails. See Sparra, 336 Ga. App. at 421, 785 S.E.2d at 83 (citation omitted) ("An attempted wrongful foreclosure claim exists when, in the course of a foreclosure action that was not completed, a defendant makes 'a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and damages were sustained as a direct result of the publication'"). There are no allegations that Defendant knowingly or intentionally published any untrue information about Plaintiffs' financial condition, or that Plaintiffs suffered any damages as a result of such a publication.

Plaintiffs contend that "[Kathleen T. Goguette] was still under Chapter 13 Bankruptcy Protection in the United States Bankruptcy Court, for the Northern District of Georgia, Atlanta Division in Case Number 15-52159 and no order was issued by the said Bankruptcy Court . . . ." [Doc. 29 at 3]. Plaintiffs, however, have not alleged facts about Defendant's conduct during the period of time in which Plaintiff Kathleen T. Goguette's bankruptcy proceeding was active. The docket in the bankruptcy case shows that Plaintiff Kathleen T. Goguette filed for bankruptcy on February 2, 2015, and the bankruptcy case was closed on September 16, 2015. [Bankr. Dkt. 1, 36]. The only date Plaintiffs specify in the Amended Complaint is November 3, 2015, the date that Defendant allegedly scheduled a foreclosure sale. [Doc. 29 at 7]. That date is after the bankruptcy case was closed, and therefore outside the period of time in which the automatic stay may have been in effect. See 11 U.S.C. § 362(c)(2)(B) (stating that an automatic stay ends when the case is dismissed).

Because Plaintiffs have not alleged facts that show conduct occurring while the automatic stay may have been in place, they have failed to allege conduct in violation of 11 U.S.C. § 362. Thus, the Amended Complaint fails to state a plausible claim for relief in regards to a violation of an automatic stay. See Iqbal, 556 U.S. at 678.

Accordingly, I **RECOMMEND** that Defendant's motion to dismiss Plaintiffs' claim for a violation of 11 U.S.C. § 362 be **GRANTED**.

## C.     Emotional Distress

Emotional distress damages fall within the broad term of "actual damages" recoverable under 11 U.S.C. § 362(k). See Lodge v. Kondaur Capital Corp., 750 F.3d 1263, 1271 (11th Cir. 2014). To recover damages for emotional distress, a plaintiff must (1) suffer significant emotional distress, (2) clearly establish the significant emotional distress, and (3) demonstrate a causal connection between that significant emotional distress and the violation of the discharge injunction. See In re McLean, 794 F.3d 1313, 1325-26 (11th Cir. 2015) (citing Lodge, 750 F.3d at 1271). Because Plaintiffs fail to state a plausible claim for relief under 11 U.S.C. § 362, they are not entitled to any damages under that section.

To the extent that Plaintiffs seek emotional distress damages under Georgia law, their claim also fails. To recover under a claim for intentional infliction of emotional distress under Georgia law, a plaintiff must show that the defendant acted intentionally or recklessly, that the conduct was extreme and outrageous, that the plaintiff suffered emotional distress as a result of the conduct, and that the emotional distress was severe. See Ghodrati v. Stearnes, 314 Ga. App. 321, 323, 723 S.E.2d 721, 723 (2012). To qualify as sufficiently "extreme and outrageous"

the conduct at issue "must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."  Kaiser v. Tara Ford, Inc., 248 Ga. App. 481, 488, 546 S.E.2d 861, 868 (2001) (internal citation and punctuation omitted).  The burden that a plaintiff must meet to prevail on a claim for intentional infliction of emotional distress "is a stringent one."  Steed v. Fed. Nat'l Mortg. Corp., 301 Ga. App. 801, 810-11, 689 S.E.2d 843, 851-52 (2009) (citations omitted).

In this case, Plaintiffs allege that by initiating foreclosure proceedings, allegedly in violation of the automatic stay, Defendant caused "Plaintiffs to suffer stress and duress, mental anguish, sleeplessness and stress to such extent, so as to thereby cause Plaintiffs to be unable to proceed with sound options that was [*sic*] guaranteed by Federal Bankruptcy Laws."  [Doc. 29 at 7].  Such conclusory allegations fail to allege the kind of "extreme and outrageous" conduct that goes "beyond all possible bounds of decency" and would be "utterly intolerable in a civilized community."  See, e.g., Canziani v. Visiting Nurse Health Sys., Inc., 271 Ga. App. 677, 679, 610 S.E.2d 660, 662 (2005) (citations omitted); Thompson-El v. Bank of Am., N.A., 327 Ga. App. 309, 313, 759 S.E.2d 49, 53 (2014) (allegations of a bank's foreclosure, allegedly without plaintiff's knowledge, and the bank's subsequent attempts to remove plaintiff from the property were

11

insufficient to state a claim for intentional infliction of emotional distress); James v. Bank of Am., N.A., 332 Ga. App. 365, 368-69, 772 S.E.2d 812, 816 (2015) (failure to provide proper notice of the foreclosure is insufficient to state a claim for intentional infliction of emotional distress).

Because the Amended Complaint does not allege any action by Defendant that was "extreme and outrageous," I **RECOMMEND** that, to the extent Plaintiffs intended to raise a claim for intentional infliction of emotional distress, Defendant's motion to dismiss that claim be **GRANTED**.

### D.   Denial of Due Process

Plaintiffs also assert that Defendant's conduct deprived them of their guarantee of due process under the Fifth Amendment of the United States Constitution. [Doc. 29 at 7]. Defendant, however, is not a state actor, and its conduct is not subject to the Fifth Amendment. See generally S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 542-46 (1987).

Private businesses, such as Defendant, are generally not considered state actors. See Nat'l Broad. Co. v. Commc'ns Workers of Am., AFL-CIO, 860 F.2d 1022, 1026 (11th Cir. 1988). There are three primary tests used by the Supreme Court in evaluating whether private conduct constitutes state action: (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. Id.

Defendant does not meet the first test because exercising power of sale in a mortgage and foreclosing on property are not functions which are "traditionally the exclusive prerogative of the State." See Jackson v. Metro. Edison Co., 419 U.S. 345, 353 (1974) (holding that a private company's conduct was not traditionally an exclusively governmental function, and therefore was not state action).

Defendant's conduct does not meet the second test, because the state did not coerce it to foreclose on the Property. See S. F. Arts & Athletics, Inc., 483 U.S. at 546 (citation omitted) (holding that a government "normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the [government]").

Finally, Defendant does not meet the standard of the third test because there is no allegation that the government was a joint participant in its enterprise. See Nat'l Broad. Co., 860 F.2d at 1027 (citation omitted) ("To charge a private party with state action under this standard, the governmental body and private party must be intertwined in a 'symbiotic relationship'").

Because there are no allegations in the Amended Complaint to plausibly show that Defendant's conduct is subject to the Fifth Amendment, Plaintiffs have

failed to state a claim for a violation of due process, and Defendant's motion to dismiss this claim should be **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, I **RECOMMEND** that Defendant's Motion to Dismiss the Amended Complaint [Doc. 31] be **GRANTED** in its entirety.

**SO REPORTED AND RECOMMENDED**, this 18th day of June, 2018.

_____
Catherine M. Salinas
United States Magistrate Judge